IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRIUMPH AEROSTRUCTURES, LLC<br>d/b/a TRIUMPH AEROSTRUCTURES –<br>VOUGHT AIRCRAFT DIVISION,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION,<br>d/b/a LOCKHEED MARTIN<br>AERONAUTICS COMPANY,<br><br>Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:10-CV-2030 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Partial Dismissal [Docket Entry #10]. For the reasons explained below, the Motion is **DENIED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On January 28, 2002, Defendant Lockheed Martin Corporation ("Lockheed"), which had been awarded a government contract to manufacture and sell F-22 fighter jets, issued a Request for Proposal, soliciting bids from other entities to manufacture the horizontal stabilator for the F-22. On April 15, 2002, Lockheed notified Plaintiff Triumph Aerostructures – Vought Aircraft Division ("Vought") that it had selected Vought to manufacture the horizontal stabilator. On July 26, 2002, Vought and Lockheed executed a Master Purchase Order ("MPO"), which, among other things provided that Vought could request an equitable adjustment of the contract price if Lockheed made any changes to the stabilator's specifications. Vought claims Lockheed made such changes, and, on April 23, 2004, Vought and Lockheed entered into a Memorandum of Agreement ("MOA"), in which Lockheed agreed to an equitable adjustment.

In September 2006, Vought and Lockheed executed a Military Programs Memorandum of Agreement ("Military Programs MOA"), in which Lockheed agreed to review in good faith any request by Vought for an equitable adjustment resulting from changes by Lockheed, in the drawings and specifications in the MPO, and, for meritorious claims, Lockheed agreed to negotiate in good faith to determine an equitable adjustment.[1] On April 29, 2008, Vought submitted a request for equitable adjustment, which Vought claims Lockheed denied without considering the request in good faith.

Vought's claims are for breach of contract and, in the alternative, "quantum meruit/unjust enrichment." Lockheed moves to dismiss Vought's quantum meruit/unjust enrichment claim.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.[2] While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."[3] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[4] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.[5]

---

[1] Compl. ¶ 22.
[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
[3] *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[4] *Twombly*, 550 U.S. at 570.
[5] Fed. Rule Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.

III. ANALYSIS

Lockheed contends that Vought cannot recover under a quantum meruit theory because it is undisputed that a valid and enforceable contract exists between Vought and Lockheed. Recovery under indisputably enforceable contracts precludes recovery in quantum meruit, unless an exception applies or it is plausible that the services rendered fall outside of the express contract.[6] However, under Texas law, "a party may *plead* alternative theories of recovery in contract and quantum meruit, but if [it] *proves* the existence of an enforceable contract, [it] may not recover in quantum meruit."[7]

Although Vought, by reference, incorporates into its quantum meruit claim paragraphs which assert the existence of an enforceable contract, Vought is entitled to plead inconsistent facts in support of alternative claims.[8] While not expressly alleged, it is implicit in the claims that Vought may have a claim that it provided services outside a binding contract. Therefore, at

---

[6] Such exceptions include: (1) where a plaintiff had partially performed but the defendant's breach kept the plaintiff from completing performance; (2) when a plaintiff only partially performed a unilateral contract that imposed no legal obligations on the plaintiff and, thus, the plaintiff did not breach; and (3) when a breaching plaintiff has been allowed to recover the reasonable value of services less any damages suffered by the defendant. *See Pursely v. Lockheed Martin Corp.*, 322 Fed. App'x 399, 403 (5th Cir. 2009) (describing the three exceptions under Texas law). *See also Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005); *Hester v. Friedkin Cos.*, 132 S.W.3d 100, 106 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("A plaintiff seeking to recover the reasonable value of services rendered or materials supplied will be precluded from recovering in quantum meruit if there is an express contract covering those services or materials and if no exception to the principle applies."); *Principal Tech. Eng'g, Inc. v. SWI Cos.*, No. 4:09-CV-316, 2010 WL 997537, at *2 (E.D. Tex. Feb. 19, 2010) ("Defendant further asserts that the claims for unjust enrichment and quantum meruit are alternative theories which could apply if the services rendered fall outside of an express contract.").

[7] *Cole v. Benavides*, 481 F.2d 559, 561 (5th Cir. 1973) (emphasis in original).

[8] Compl. ¶¶ 41–44. *See* Fed. R. Civ. P 8(d); *Agri-Plastics, Inc. v. Hog Slat, Inc.*, No. 3:09-CV-1271-B, 2010 WL 711811, at *6 (N.D. Tex. Feb. 26, 2010) (Boyle, J.); *Sw. Bell Tel. Co. v. Fitch*, 643 F. Supp. 2d 902, 908 (S.D. Tex. 2009); *Westcott Holdings, Inc. v. Monitor Liab. Managers, Inc.*, No. H-06-1746, 2006 WL 3041606, at *3 (S.D. Tex. Oct. 24, 2006); *Tibor Mach. Prods., Inc. v. Freudenberg-Nok Gen. P'ship*, 967 F. Supp. 1006, 1013 (N.D. Ill. 1997) ("In the early stages of litigation, a plaintiff is permitted both to rely on alternative theories of recovery and to incorporate inconsistent facts in separate counts."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 740 ("A party generally cannot recover under quantum meruit when there is a valid contract covering the services or materials furnished. A party to a contract may, however, seek alternative relief under both contract and quasi-contract theories.") (internal citations omitted).

this stage in the litigation, it would be premature to dismiss Vought's quantum meruit claim as being foreclosed by an enforceable contract.[9]

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Dismissal is **DENIED**; however, such denial is without prejudice to Defendant moving for summary judgment on Plaintiff's quantum meruit claim after the close of discovery and before such claim is submitted to the trier of fact.

**SO ORDERED.**

April 6, 2011.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

---

[9] *Waller v. DB3 Holdings, Inc.*, No. 3:07-cv-0491, 2008 WL 373155, at *6 (N.D. Tex. Feb. 12, 2008) (Fitzwater, J.).